IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                           No.  10 CR 1374 MCA

JEREMIAH JACKSON,

        Defendant.

### MOTION TO DISMISS COUNTS 2 AND 3 - OUTRAGEOUS CONDUCT

        COMES NOW the defendant by and through counsel and, pursuant to U.S. Const. Amend V and applicable statutes and rules, moves this Court to dismiss Counts 2 and 3 of the Indictment in this case for outrageous government conduct.  As grounds, defendant states:

        1.        The events of April 6, 2010 that led to the Indictment in this case began as a simple bank robbery.  Notes were passed to two tellers demanding money.  No weapons were used or brandished.  Personnel at the bank obtained a description and the license plate of the mini van used by the bank robber.

        2.        APD officers quickly located the suspect vehicle in this case.  The vehicle was not speeding or driving erratically when it was first located.  A high speed chase through the heart of Albuquerque ensued.  The chase began on Carlisle near Menual in northeast Albuquerque, proceeded on to I-40 westbound at speeds approaching 100 miles an hour, and then northbound on Coors Boulevard.  The chase culminated in the driver of

the suspect mini van losing control and crashing into another car stopped at a traffic light. The driver and passenger of the car stopped at the light were killed.

3. Upon information and belief, the high speed chase in this case was completely unnecessary. As set out in paragraph 5 of the Criminal Complaint (Doc. #1), "a source which has proven to be reliable in the past, directed the APD to a vehicle matching the description of the get away vehicle and having the same license plate and [sic] provided by a witness at the bank."

4. Due Process places limitations on the conduct of law enforcement agents in the course of investigating an offense. In *U.S. v. Russell*, 411 U.S. 423 93 S.Ct. 1637 (1973) the Supreme Court held that the conduct of law enforcement agents in the course of investigating an offense might be so outrageous "that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction." *Id.* at 431-2. In determining whether the government has committed outrageous conduct, the relevant inquiry is whether, considering the totality of the circumstances in any given case, the government's conduct is so shocking, outrageous and intolerable that it offends the universal sense of justice. *U.S. v. Lacey*, 86 F.3d 956, 964 (10th Cir. 1996); *U.S. v. Scull*, 321 F.2d 1270, 1277 (10th Cir. 2003). This is an extraordinary defense reserved for only the most egregious of circumstances. *U.S. v. Mosley,* 965 F.2d at 906, 910 (10th Cir. 1992).

5. To succeed on a claim on outrageous government conduct, a defendant must show either: (1) excessive government involvement in the creation of the crime; or

(2) significant government coercion to induce the crime. *U.S. v. Garcia*, 411 F.3d 1173, 1181 (10th Cir. 2005). The defendant bears the burden of demonstrating outrageous government conduct. *U.S. v. McKissick*, 204 F.3d 1282, 1294 (10th Cir. 2002). While the driver of the van clearly bears some responsibility for the tragedies in this case, moral responsibility and legal responsibility are two different things. The focus of a claim of outrageous government conduct is solely on the conduct of government agents, without regard to the defendant's culpability or criminal predisposition. *U.S. v. Sneed*, 34 F.3d 1570 (10th Cir. 1994).

6. Under the totality of the circumstances of this case, the conduct of the police in conducting an unnecessary high speed chase through a heavily populated urban area is outrageous. The deaths of innocent bystanders or motorists are entirely predicable and foreseeable in these circumstances. The chase in this case was all the more unnecessary because of the facts of this case. As such, this Court should dismiss Counts 2 and 3 of the Indictment in this case. *Rochin v. California*, 342 U.S. 165, 172-74, 72 S.Ct. 205 (1952); *U.S. v. Kennedy*, 255 F.3d 1187, 1194-5 (10th Cir. 2000).

7. An evidentiary hearing on this matter is requested.

8. Counsel for the government, AUSA Presiliano Torrez, opposes this motion.

WHEREFORE the defendant respectfully requests this Court to dismiss Counts 2 and 3 of the Indictment in this case and for such other and further relief as the court

deems proper.

| | |
|---|---|
| I HEREBY CERTIFY THAT on the 14th day of January 2011, I filed the foregoing electronically through the CM/ECF system, which caused AUSA Presiliano Torrez to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489<br><br><br> /s/      *filed electronically*<br>STEPHEN P. McCUE, FPD<br>Attorney for Defendant |
| _____*filed electronically*_____ | |