IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                        No. 10 CR 1374 MCA

JEREMIAH JACKSON,

        Defendant.

DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

        COMES NOW the defendant by and through counsel and, pursuant to U.S. Const. Amend. V and VIII, and applicable statutes and rules, objects to the Presentence Report as follows:

        1.    **Cruel and Unusual Punishment.**  Mr. Jackson objects to the imposition of a mandatory minimum sentence of life without parole for the unintentional, accidental killings at issue in Counts 2 and 3 of the Indictment in this case. Such a sentence constitutes cruel and unusual punishment in violation of the Eight Amendment to the U.S. Constitution and constitutes an unreasonable deprivation of liberty without due process in violation of the Fifth Amendment to the U.S. Constitution.

        2.    The evidence at trial in this case clearly showed that the deaths at issue in Counts 2 and 3 were the result of a traffic accident. The Court rejected all of the defendant's proffered jury instructions, which would have required the jury to find some element of intent with respect to the killings. As such, Mr. Jackson faces a mandatory

minimum sentence of life without parole for a traffic accident he never intended to cause.

3. In the context of capital punishment for the offense of robbery felony murder, the U.S. Supreme Court has stated that "[I]t is fundamental that causing harm intentionally must be punished more severely than causing the same harm unintentionally." *Enmund v. Florida*, 458 U.S. 782, 798 (1982) (internal quotation marks omitted). The Court in *Enmund* reversed the imposition of the death penalty in a case involving robbery felony murder because the defendant did not kill or attempt to kill and because he neither intended nor contemplated that a life would be taken. In so holding the Court stated "American criminal law has long considered a defendant's intention - and therefore his moral guilt - to be critical to his degree of criminal culpability . . . and the court has found criminal penalties to be unconstitutionally excessive in the absence of intentional wrongdoing." *Enmund* 458 U.S. at 800 (internal quotations and citations omitted).

4. In *Tison v. Arizona*, 481 U.S. 137 (1987) the Supreme Court held that major participation in a robbery, combined with reckless indifference to human life is sufficient to satisfy the *Enmund* culpability requirement. 481 U.S. at 158. In Mr. Jackson's case, however, there has been no finding of reckless indifference or any other culpable mental state with respect to the killings. The closest thing to a finding of intent in this case is a legal fiction imputing the intent to commit bank robbery to the unintended deaths that followed. The intent may be imaginary but the mandatory minimum life sentence is very real.

5. In light of the fact that a mandatory minimum sentence of life without parole is the next most severe sanction to the death penalty, similar Eighth Amendment cruel and unusual protections and reasoning should apply. *Robinson v. California,* 370 U.S. 660 (1962); *Weems v. U.S.*, 217 U.S. 349, 363 (1910); *Godfrey v. Georgia*, 446 U.S. 420 (1980). Unfortunately, more recent Supreme Court 8th Amendment case law does not agree with this proposition. *Rummel v. Estelle,* 445 U.S. 263 (1980) (Affirming life sentence for repeat offender); *Harmelin v. Michigan,* 501 U.S. 957, 996-997 (1991), (Kennedy, J. concurring) (Limiting 8th Amendment proportionality review in non capital context, affirming life sentence for possession of more than 650 grams of cocaine); *Ewing v. California,* 538 U.S. 11 (2003) (Affirming "three strikes" life sentence for stealing three golf clubs). In the instant case, there is no finding of a culpable mental state with respect to Mr. Jackson. As such, the imposition of a sentence of life without parole constitutes cruel and unusual punishment. Imposition of a sentence of life without parole without requiring any proof of a culpable mental state violates Mr. Jackson's rights to due process of law. *Contra, Alverson v. Workman*, 595 F.3d 1142, 1157-8 (10th Cir. 2010) (capital case); *Workman v. Mullin*, 342 F.3d 1100, 1110 (10th Cir. 2003) (capital case); *Binkley v. Hunter*, 170 F.2d 848 (10th Cir. 1948)(bank robbery resulting).

6. Mr. Jackson objects, for the reasons set out above, to paragraph 142 to the extent it states that a mandatory minimum sentence of life imprisonment is applicable in this case.

7. **Restitution.** Mr. Jackson objects to paragraphs 21 and 152 of the

Presentence Report to the extent they state that $110.10 taken during the robbery was not recovered.  Neither teller in this case testified that she gave Mr. Jackson any change.  In fact, only bills were given to Mr. Jackson.  The testimony at trial was clear that within minutes of the robbery, Mr. Jackson stopped briefly at a convenience store to buy cigarettes and a bottle of Snapple, costing less than $10.  Mr. Jackson was under constant surveillance from the time that the exited the convenience store until he left the vehicle after the accident.  All the money from the bank was left in the vehicle after the accident.  The money was left in the same plastic grocery bag used to take the money from the bank.  Mr. Jackson was apprehended within minutes of the accident.  But for the small amount of money spent by Mr. Jackson on cigarettes and Snapple, all of the money taken from the bank by Mr. Jackson was recovered.  As such, Mr. Jackson should not be held responsible for $110.10 missing from the bank, but not taken in the robbery.

      8.      **Acceptance of Responsibility.**  Mr. Jackson objects to paragraph 43 of the Presentence Report to the extent that it declines to award him any reduction for acceptance of responsibility pursuant to § 3E.1.1 U.S.S.G.  As set out in paragraph 18 of the Presentence Report, Mr. Jackson confessed to the robbery and the killings in this case on the day these events occurred.  Mr. Jackson consistently offered to plead guilty to the Indictment in this case in exchange for any sort of minimal consideration.  In fact, the government would not agree to any plea offer.  This case went to trial because the government and the victims wanted it to go trial, not because Mr. Jackson wanted to go to trial.

9. As set out in *Application Note* 2 to § 3E.1.1, "conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations, a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial."

10. Under all the facts and circumstances of this case, including Mr. Jackson's timely admissions of guilty, his acceptance of responsibility for his actions, and the government's decision to proceed to trial in the face of an offer to plead guilty and accept a sentence of 50 years imprisonment, Mr. Jackson should not be punished for the government's decision to proceed to trial. Mr. Jackson should receive a two level reduction for acceptance of responsibility pursuant to § 3E.1.1(a).

11. **Reckless Endangerment.** Mr. Jackson objects to paragraph 55 of the Presentence Report to the extent that it proposes a two level adjustment with respect to Count 2 of the Indictment for Reckless Endangerment During Flight pursuant to § 3C1.2 U.S.S.G. *Application Note* 1 to § 3C1.2 states that the Court should not apply this enhancement where "the offense guideline in chapter 2, or another adjustment in chapter 3 results in an equivalent or greater increase in offense level solely on the basis of the same conduct." As set out in paragraph 52 of the Presentence Report, Mr. Jackson has received an increase to a base offense level of 43 for Count 2 based on his flight from the police and the traffic accident resulting in death. As such, an additional two level enhancement for reckless endangerment is simply "piling on."

12. Mr. Jackson's similarly objects to paragraph 62 of the Presentence Report

in this case to the extent it adds a two level adjustment to the guidelines for Count 3 based on the same conduct that raises the base offense level to 43.

13.     **Grouping.**  Mr. Jackson objects to paragraph 44 of the Presentence Report to the extent it states that the counts at issue in the Indictment in this case do not group. While the counts at issue may not group under the cumulative harm provisions of § 3D1.2(d), "exclusion of an offense from grouping under this subsection does not necessarily preclude grouping under another subsection."  All of the counts at issue in this case involve the same victims, are connected by a common criminal objective, and/or constitute part of a common scheme or plan.  The bank robbery in Count 1 is a necessary element of bank robbery resulting in death as charged in Counts 2 and 3.  Both victims were killed in the same car in the same accident.  As such, all of the counts at issue in this case should group under § 3D1.2(a),(b), and (c) U.S.S.G.

14.     **Guideline Calculation.**  Mr. Jackson objects to paragraph 143 of the Presentence Report to the extent it states that the guidelines in this case are Offense Level 43 and Criminal History Category VI calling for a sentence of life imprisonment.  As set out above, the offense level in this case should be Offense Level 41 with a Criminal History Category of VI resulting in a guideline imprisonment range of 360 months to life.

WHEREFORE the defendant respectfully requests this Court to find that a mandatory minimum sentence of life without parole for accidental killings constitutes cruel and unusual punishment, to correct to the Presentence Report pursuant to the objections set out above, to recalculate the guidelines accordingly, to impose a sentence

of 360 months imprisonment, and for such other and further relief as the Court deems proper.

| | |
|---|---|
| I HEREBY CERTIFY THAT on the 14th day of November 2011, I filed the foregoing electronically through the CM/ECF system, which caused AUSA's Presiliano and Raul Torrez & USPO Jason Beaty to be served by electronic means. | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489<br><br> /s/      *filed electronically*<br>STEPHEN P. McCUE, FPD<br>Attorney for Defendant |
| _____*filed electronically*_____ | |