IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                No.  10 CR 1374 MCA

JEREMIAH JACKSON,

        Defendant.

## MOTION TO VACATE CONVICTIONS

        COMES NOW the defendant by and through counsel and, pursuant to U.S. Const. Amend. V, and applicable statutes and rules, moves this Court to vacate the multiplicitous counts of conviction in this case.  As grounds, defendant states:

        1.     Mr. Jackson has been convicted of robbing a bank and killing two people while attempting to evade apprehension for the robbery.  Mr. Jackson's actions in this case, however, have been divided into three separate counts.  Count 1 charges bank robbery, Count 2 charges bank robbery resulting in death with respect to one victim, and Count 3 charges bank robbery resulting in death with respect to a second victim.

        2.     Under the facts and circumstances of this case, the three separate counts in the Indictment are multiplicitous.  It would violate double jeopardy for the Court to impose separate sentences in any respect for the offense charged in this case.

        3.     Multiplicity refers to multiple counts of an indictment, which cover the same criminal behavior.  *U.S. v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997); *U.S. v.*

*Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992). While multiplicity is not necessarily fatal to an indictment, it poses a threat of multiple sentences for the same offense. *Id.* The threat of multiple sentence for the same offense raises double jeopardy implications. *Id.* Claims of multiplicity are reviewed *de novo* on appeal. *U.S. v. McIntosh*, 124 F.3d 1330, 1336 (10th Cir. 1997). The decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court. *U.S. v. Johnson*, 130 F.3d at 1426. In certain circumstances, such as in the case of alternative theories of liability, the government may be permitted to proceed with multiplicitous counts if multiplicitous convictions eventually are vacated. *See Ball v. U.S.,* 470 U.S. 856, 865, 105 S.Ct. 1668, 1673 (1985).

    4.    **Count 1.** Upon information and belief, one cannot commit 18 U.S.C. § 2113(e) - bank robbery resulting in death - without also committing §2113(a) - bank robbery. Federal jurisdiction for the killings in Counts 2 and 3 is dependant on their having been committed in the course of or in relation to the events charged in Count 1. As such, separate sentences would violate the double jeopardy protections of the Fifth Amendment to the U.S. Constitution.

    5.    In interpreting a predecessor federal bank robbery statute, 12 U.S.C. §§ 588(b) and 588(c), the Tenth Circuit determined that bank robbery and kidnaping in the course of a bank robbery constitute separate offenses. The court approved concurrent sentences under these circumstances and did not require either conviction to be vacated. *Clark v. U.S.*, 184 F.2d 952 (10th Cir. 1950) *cert. denied,* 340 U.S. 955 (1951). The court

later revisited Mr. Clark's case in the context of a 28 U.S.C. §2255 petition, *Clark v. U.S.*, 281 F.2d 230 (10th Cir. 1960), reaching the same conclusion.  In light of the fact that 18 U.S.C. 2113(e) now requires a mandatory minimum life sentence if death results and a consecutive special penalty assessment, Mr. Jackson contends that the better view of this issue is contained in *U.S. v. Atkins,* 558 F.2d 133 (3rd Cir. 1977) *cert. denied,* 434 U.S. 972 (1980) (2113(a) & (e) do not define separate offenses).

      6.      **Counts 2 and 3.**  The two victims in this case were passengers in the same automobile.  They were killed in a single traffic accident.  That is to say, there was but one single act committed by Mr. Jackson with respect to both victims.  Under the facts and circumstances of this case, there should be but one criminal conviction.  Counts 2 and 3 are multiplicitous and separate sentences or special penalty assessments would violate double jeopardy.

      7.      Absent a clear legislative statement that a single act affecting two victims constitutes two separate counts, Mr. Jackson should be convicted of only one offense. *Ladner v. U.S.*, 358 U.S. 169 (1958); *U.S. v. Theriault*, 531 F.2d 281 (5th Cir. 1976) *cert. denied* 434 U.S. 870 (1977).  In *Ladner* the Supreme Court held that the wounding of two officers by the single discharge of a shotgun constitutes only a single violation of 18 U.S.C. § 111.  To hold otherwise would produce "incongruous results." 358 U.S. at 177.  In *Theriault*, the Fifth Circuit held that when two officers were injured in a single traffic accident caused by the defendant, the proper unit of prosecution was one count.  531 F.2d at 285.

8.       In this case where Mr. Jackson caused a single traffic accident, he should be sentenced on but one count.  Mr. Jackson therefore, respectfully requests the Court to vacate the conviction on either Count 2 or Count 3 of the Indictment.

9.       Counsel for the government, AUSA's Torrez, oppose this motion

WHEREFORE the defendant respectfully requests this Court to vacate the multiplicitous counts of the Indictment in this case as violative of double jeopardy and for such other and further relief as the Court deems proper.

| | |
|---|---|
| I HEREBY CERTIFY THAT on the 14th day of November 2011, I filed the foregoing electronically through the CM/ECF system, which caused AUSAs Presiliano and RaulTorrez to be served electronically, as more fully reflected on the Notice of Electronic Filing. | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489<br><br><br> /s/   *filed electronically*<br>STEPHEN P. McCUE, FPD<br>Attorney for Defendant |
| *filed electronically* | |