IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                  No. 10-CR-1374 MCA

JEREMIAH JACKSON,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the Court upon Defendant's *Motion to Vacate Convictions* [Doc. 125]. The Court has considered Defendant's motion, the United States' response [Doc. 132], Defendant's reply [Doc. 133], the record in this case and the applicable law, and is otherwise fully advised.

In a three count indictment, a grand jury charged Defendant with bank robbery in violation of 18 U.S.C. § 2113(a) and with two counts of killing a person in attempting to avoid apprehension for bank robbery in violation of §§ 2113(a) and (e). These charges arise out of a single bank robbery that occurred in Albuquerque on April 6, 2010. A jury found Defendant guilty of all three counts.

**Discussion**

**1.    Defendant's Request for Vacation of Conviction on Count 1 (18 U.S.C. § 2113(a))**

Congress originally enacted subsections (a) and (e) of 18 U.S.C. § 2113 in 1934.  48

Stat. 783.  The 1934 Act provided as follows:

>   Sec. 2. (a)  Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing or value belonging to, or in the care, custody, control, management, or possession of, any bank shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
>   (b)  Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined  not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both.
>   Sec. 3.   Whoever, in committing any offense defined in this Act, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or  confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be punished, by imprisonment for not less than 10 years, or by death if the verdict of the jury shall so direct.

The 1934 Act was Congress' response "to an outbreak of bank robberies committed by John Dillinger and others who evaded capture by state authorities by moving from State to State." *Carter v. United States*, 530 U.S. 255, 280 (2000) (Ginsberg, J., dissenting). These provisions exist today in substantially the same form, although their relationship has been obscured by subsequent amendments and re-codifications. *See generally United States v. Loniello*, 610 F.3d 488 (7th Cir. 2010).  Section 2(a) of the 1934 Act is codified as the first paragraph of 18 U.S.C. § 2113(a); section 2(b) is codified as § 2113(d); and section 3 is codified as § 2113(e).

The parties have not cited, and the Court has not found, a decision of the Supreme Court or the Tenth Circuit Court of Appeals expressly deciding whether for sentencing purposes a conviction for bank robbery under § 2113(a) merges into a conviction for kidnapping or killing in the course of a bank robbery under § 2113(e). In the analogous context of convictions under both § 2113(a) and (d), it is settled that the § 2113(a) conviction merges into the § 2113(d) conviction. *United States v. Davis*, 573 F. 2d 1177, 1079 (10th Cir. 1978).  The analogy is not perfect,

however, because the Court of Appeals has held that § 2113(d) does not create an offense separate and apart from § 2113(a), *Ward v. United States*, 183 F.2d 270, 272 (10th Cir. 1950), whereas, the Court of Appeals has held that § 2113(e) creates an offense "separate and distinct from the crime of robbery" *Clark v. United States*, 281 F.2d 230, 233 (10th Cir. 1960). Ultimately, both *Clark* and *Ward* also held that, "assuming, but not deciding," the petitioner should not have been sentenced for the lesser term on a count to run concurrently with the longer term, the petitioner "was not prejudiced by such lesser concurrent sentence." *Ward*, 183 F.2d at 272; *Clark*, 281 F.2d at 233. Therefore, whether *Clark* and *Ward* preclude merger of a § 2113(a) offense into a § 2113(e) offense is not clear.

Subsequent United States Supreme Court jurisprudence, however, directly calls the holdings of *Clark* and *Ward* into question. In *United States v. Gaddis*, 424 U.S. 544, 547-78 (1976), the Court held that where two convictions and sentences merge under § 2113, the proper remedy is to vacate the lesser conviction, and that concurrent sentences are impermissible. *Id.* at 549 n.12 ("In light of *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, the concurrent sentences under Counts 1 [entering a bank with intent to rob it, violating 18 U.S.C. § 2113(a)] and 2 [robbing the bank by force and violence, violating 18 U.S.C. § 2113(a)] should also be vacated, leaving the respondents under single 25-year prison sentences for [assaulting four people with dangerous weapons during the course of the robbery,] violating 18 U.S.C. § 2113(d)."). Moreover, addressing double jeopardy,[1] in *Brown v. Ohio*, 432 U.S. 161, 168 (1977), the court stated: "Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." The Court

---

[1] *Ward*, *Clark* and *Gaddis* do not mention double jeopardy or the Fifth Amendment.

concludes that subsequent United States Supreme Court analysis has overtaken that employed in *Ward* and *Clark.* Thus, this Court cannot, as in *Ward* and *Clark*, assume without deciding that concurrent sentences for violations of § 2113(a) and (e) are not prejudicial.

In the double jeopardy case of *Whalen v. U.S.,* 445 U.S. 684 (1980), the Court addressed a similarly drafted statute, in which "rape and killing a human being during the course of any six specified felonies, including rape, are separate statutory offenses." *Id.* at 687. *Whalen* stated:

> [W]hether or not consecutive sentences may be imposed depends on the intent of Congress. But since Congress in enacting legislation rarely specifies its intent on this matter, the courts have long adhered to the rule that Congress did intend to permit consecutive sentences when each offense requires proof of a fact which the other does not.

*Id.* at 692 (internal quotation marks, citations, alterations and ellipses omitted). The Court held that the rape was a lesser included offense of the murder because "proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense." *Id*. at 694.

Applying *Gaddis*, *Brown*, and *Whalen,* the Court concludes that Defendant may not be cumulatively punished under both subsection (a) and (e) of § 2113.  Given the express language of Section 2113(e) ("Whoever, in committing any offense defined in this section…"), § 2113(a) is by definition a lesser included offense § 2113(e).  As in *Whalen*, one cannot commit the offense in § 2113(e) without committing the offense of § 2113(a) (or one of the other sections).  *Whalen*, *Gaddis* and *Brown* compel the result that sentences cannot be imposed under both subsections (a)

and (e) for conduct arising out of a single bank robbery.[2]

*Casebeer v. United States*, 87 F.2d 668 (10th Cir. 1937) supports this conclusion. In *Casabeer*, the Court of Appeals described the relationship of the offenses enacted by the 1934 Act:

> Subdivision (b) of section 558b [sic], defines an offense made up of the elements of any one of the offenses defined in subdivision (a) of section 588b and the additional element defined in subdivision (b) thereof. Section 588c defines an offense made up of the elements of any one of the offenses defined in section 588b and the additional element defined in section 588c. Hence, in charging an offense defined in section 588c it is necessary to allege all the elements of an offense defined in section 588b and the additional element defined in section 588c.

*Id.* at 679 (citation omitted). The Court of Appeals clearly was describing a set of nested offenses of increasing seriousness, with § 588c (now codified at 18 U.S.C. § 2113(e)) as the greatest offense. The point that § 2113(a) is included in § 2113(e) is reflected in the manner in which the United States charged counts 2 and 3 in the present case, referring in each count to conduct "[i]n violation of 18 U.S.C. §§ 2113(a) and 2113(e)." [Doc. 20 at 2]

Where a defendant has been convicted of both a lesser included offense and the greater offense, the appropriate course is to vacate one of the convictions. *See Rutledge v. United States*, 517 U.S. 292, 307 (1996). The Court will vacate the conviction under Count 1. *Loniello*, 610 F.3d at 494-95 (interpreting *Prince v. United States*, 352 U.S. 322 (1957), as establishing that "the

---

[2]*Brown* recognized that "[a]n exception may exist where the [government] is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred. . . ."432 U.S. at 169 n. 7. *Gilmore v. United States*, 124 F.2d 537 (10th Cir. 1942) (concluding that there were separate and distinct offenses where, post trial for bank robbery, the defendant killed his jailor in escaping confinement, thus violating what is now 2113(e)), is consistent with this exception. This case involves very different facts from those in *Gilmore*.

maximum sentence for any single bank robbery is the sentence for the most serious of the related offenses"; interpreting *Heflin v. United States*, 358 U.S. 415 (1959), as prescribing "merger of the sentences, so that the defendant was exposed to the highest sentence on any one count").

**2.      Defendant's Request for Vacation of Count 2 or Count 3 (18 U.S.C. § 2113(e))**

The parties have not cited, and the Court has not found, Supreme Court precedent directly addressing the appropriate unit of prosecution under § 2113(e). In the one Court of Appeals opinion that is directly on point, *United States v. Delay*, 500 F.2d 1360, 1368 (8th Cir. 1974), the Eighth Circuit Court of Appeals concluded that "the rationale prohibiting the pyramiding of violations of the various sections of § 2113 also prohibits the pyramiding offenses on the basis of separate victims of the crime."  The closest Tenth Circuit precedent is *McDonald v. Hudspeth*, 129 F.2d 196 (10th Cir. 1942), a habeas case. In *McDonald*, each petitioner had been tried and convicted of one count of bank robbery in violation of 12 U.S.C. § 588b(a) and five counts of putting any person's life in jeopardy in the commission of a bank robbery in violation of § 588b(b), all counts arising out of a single bank robbery.  The trial court sentenced each petitioner to a single term of thirty-five years.  No appeal was taken due to lack of funds.  Thereafter, each petitioner applied for a writ of habeas corpus, alleging, *inter alia*, that the sentence imposed by the trial court was excessive and void.  The habeas court denied relief.  On appeal from the order discharging the writs, the Court of Appeals affirmed, observing that because each of the multiple § 588b(b) counts specified a different victim by name, "each count required proof of a fact which the other counts did not."  The Court of Appeals held that the thirty-five-year sentences were "not

excessive."[3]  The Court of Appeals' rationale would appear to apply with equal force to multiple convictions under § 2113(e), where, as here, separate counts identify each victim by name.

The Court recognizes that *McDonald* is contrary to the weight of authority construing § 2113 to authorize but a single sentence for a given bank robbery involving multiple victims. *Delay*; *see generally United States v. Fleming*, 504 F.2d 1045, 1053-54 (7th Cir. 1974) (collecting authorities).  More importantly, *McDonald* was decided prior to *Bell v. United States*, 349 U.S. 81 (1955), and *Ladner v. United States*, 358 U.S. 169 (1958), two leading unit-of-prosecution cases.[4]  *See United States v. Evans*, 854 F.2d 56, 58-59 (5th Cir. 1988) (observing that *Bell* and *Ladner* "can be reconciled with *Blockburger* . . . only on the assumption that *Blockburger* does not generally apply to single act-single statutory provision cases").  Although the Court has concerns about *McDonald*'s continued vitality, in the absence of clear Supreme Court or Tenth Circuit precedent overruling it, the Court is constrained to follow it.  The Court will not vacate either of the § 2113(e) counts.

**Conclusion**

---

[3]The maximum sentence for a violation of § 588b(b) was twenty-five years. If, for example, the trial court had imposed the maximum sentences on any two of the five § 588b(b) counts, directing that the sentences run consecutively, the total term of imprisonment easily would have exceeded the actual sentence imposed by the trial court.

[4]In both *Ladner* and *Bell*, the Court held that the statutes, which lacked explicit direction, were ambiguous as to the intent of Congress, and thus the rule of lenity required reading the statutes to allow only one conviction. *Bell*, 349 U.S. at 83; *Ladner*, 358 U.S. at 173-178.  More recent Supreme Court jurisprudence (not addressing a unit-of-prosecution question) has clarified that the lack of express direction does not *per se* result in application of the rule of lenity. *See, e.g., U.S. v. Shabani*, 513 U.S. 10, 17 (1994) ("The rule of lenity . . . applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute. . . . To require that Congress explicitly state its intention not to adopt petitioner's reading would make the rule applicable with the mere possibility of articulating a narrower construction, a result supported by neither lenity nor logic." (internal quotation marks and citations omitted)).

The Court grants Defendant's motion to the extent it seeks vacation of the conviction on Count 1.  The denies Defendant's motion to the extent it seeks vacation of the conviction on Count 2 or Count 3.

**WHEREFORE,**

**IT IS THEREFORE HEREBY ORDERED** that Defendant's *Motion to Vacate Convictions* [Doc. 125] is **granted-in-part and denied-in-part**;

**IT IS FURTHER ORDERED** that Defendant's conviction on Count 1 of the Indictment is **vacated.**

**So ordered this 7th day of September, 2012.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE