**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 26, 2013**

PUBLISH

**Elisabeth A. Shumaker**

UNITED STATES COURT OF APPEALS

**Clerk of Court**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

No. 12-2169

JEREMIAH JACKSON,

    Defendant - Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 1:10-CR-01374-MCA-1)

---

Stephen P. McCue, Federal Public Defender, Albuquerque, New Mexico, for Defendant - Appellant.

James R.W. Braun, Assistant United States Attorney, (and Kenneth J. Gonzales, United States Attorney, on the brief), Albuquerque, New Mexico, for Plaintiff - Appellee.

---

Before **KELLY**, **MATHESON**, Circuit Judges, and **BLACKBURN**[*], District Judge.

---

**KELLY**, Circuit Judge.

---

[*] The Honorable Robert E. Blackburn, U.S. District Court Judge, District of Colorado, sitting by designation.

Defendant-Appellant Jeremiah Jackson appeals his conviction and sentence for the deaths of two women accidentally killed while Mr. Jackson was fleeing police following a bank robbery. 18 U.S.C. §§ 2113(a), (e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the conviction and remand to the district court to vacate the sentence and resentence consistent with this opinion.

## Background

On the morning of April 6, 2010, Mr. Jackson robbed a bank in Albuquerque, New Mexico and then fled in a minivan. During the ensuing police chase, Mr. Jackson lost control of the minivan and crashed into another car, killing two women. Mr. Jackson later confessed.

Following a jury trial, he was convicted of one count of bank robbery, in violation of 18 U.S.C § 2113(a), and two counts of killing a person while attempting to avoid apprehension for bank robbery, in violation of 18 U.S.C. § 2113(e). The district court vacated the count of bank robbery as a lesser-included offense of § 2113(e) and sentenced Mr. Jackson to two concurrent life terms. Mr. Jackson timely appeals, arguing that the proper unit of prosecution in this case was one count of bank robbery resulting in death and that the district court erred (1) in denying his post-trial motion to vacate one of the two remaining counts as multiplicitous because sentencing on both violates double jeopardy, (2) in denying a motion for a mistrial after the prosecutor commented on Mr.

Jackson's silence and failure to testify, and (3) in failing to instruct that a § 2113(e) conviction requires a mens rea element.

## Discussion

A.  Multiplicity and Double Jeopardy

Mr. Jackson argues that sentencing him for two violations of § 2113(e) constitutes double jeopardy because the two deaths arose from only one bank robbery-related accident, relying on the interpretation of similar statutory language held ambiguous such that lenity applies. See, e.g., Ladner v. U.S., 358 U.S. 169, 171, 178 (1958). The government argues that Mr. Jackson can be punished for both deaths because (1) the plain language of § 2113(e) clearly provides for the killing of "any person" and (2) this circuit upheld multiple-victim sentencing under the prior version of the bank robbery statutes in McDonald v. Hudspeth, 129 F.2d 196, 199 (10th Cir. 1942). The district court held that McDonald controlled but expressed reservations given subsequent authority. Aplt. Br. Attach. B at 6-7.

The Double Jeopardy Clause of the Fifth Amendment protects a person from being "twice put in jeopardy of life or limb." U.S. Const. amend. V. Included in double jeopardy protections are multiple punishments for the same offense based on the total punishment authorized by the legislature. Jones v. Thomas, 491 U.S. 376, 381 (1989); see also United States v. Benoit, 713 F.3d 1,

12 (10th Cir. 2013).  Claims of multiplicity are reviewed de novo.  Benoit, 713 F.3d at 12.

Section 2113(e) provides that whoever, in attempting to avoid apprehension for bank robbery, "kills any person" will be punished by death or life imprisonment.  Although there is no controlling case law interpreting what unit of prosecution is meant by the "any person" language of § 2113(e), the Supreme Court repeatedly has found similar language sufficiently ambiguous as to require lenity.

In Bell v. United States, 349 U.S. 81 (1955), the illegal transport of "any woman or girl" under the Mann Act, 18 U.S.C. § 2421, was deemed sufficiently ambiguous such that lenity applied.  Bell, 349 U.S. at 82-84.  Thus, a defendant was sentenced only once for the interstate transport of two women in a single vehicle.  Id.

Similarly, in Ladner, 358 U.S. at 171, 177-78, a statute criminalizing the interference of "any person" engaged in official federal duties was limited to one unit of prosecution based on ambiguity warranting lenity.  Thus, a defendant was sentenced only once for firing a shot into a police car that injured two officers.  Id.

Based on the interpretations in Bell and Ladner, we conclude that "any person" as used in § 2113(e) could be interpreted either in the singular or plural, making it sufficiently ambiguous as to require lenity.  This determination is

-4-

further supported by case law rejecting the pyramiding of offenses within § 2113 in favor of lenity. In Prince v. United States, 352 U.S. 322 (1957), entering a bank with the intent to steal merged with a consummated bank robbery even though both are defined by § 2113 based on the lack of clear language or legislative history to punish for both crimes. Prince, 352 U.S. at 323, 329. But see Carter v. United States, 530 U.S. 255, 259 (2000) (holding that forcefully taking and then carrying away bank property under §§ 2113(a) and (b) were different crimes based on textual differences). Similarly, in Heflin v. United States, 358 U.S. 415 (1959), taking property by force and possessing stolen money merged following a consummated bank robbery under §§ 2113(c) and (d); the rule of lenity applied due to the lack of statutory language and legislative intent to the contrary. Heflin, 358 U.S. at 419-20.

The Eighth Circuit, in addressing the same issue of multiplicity for deaths committed in violation of § 2113(e), applied Bell, Ladner, and Heflin to vacate two sentences imposed on a defendant who shot three hostage victims after robbing a bank. United States v. Delay, 500 F.2d 1360, 1367-68 (8th Cir. 1974). We agree with the Eighth Circuit's analysis and hold that lenity limits § 2113(e) to only one unit of prosecution based on its ambiguity. Therefore, Mr. Jackson's sentence for two violations of § 2113(e) arising from a single car accident in the course of a single bank robbery is violative of double jeopardy, and upon remand the district court should vacate one of the sentences.

Given these cases, the unit of prosecution analysis in McDonald, involving the "any person" language under what is now § 2113(d) (assault with a deadly weapon), is no longer applicable. Cf. Robinson v. United States, 143 F.2d 276 (10 Cir. 1944) (rejecting a nearly identical application of the strict elements test used in McDonald in favor of the rule of lenity), aff'd, Bell, 349 U.S. at 82-83. Two other circuits have explicitly rejected McDonald's analysis: The Ninth Circuit determined that the sentencing issue was not appropriately before the McDonald Court as a habeas claim and that each life imperiled by a robbery with a deadly weapon did not constitute a separate and distinct bank robbery. Dimenza v. Johnston, 131 F.2d 47, 48 (9th Cir. 1942). The Seventh Circuit rejected McDonald's application of the elements test in favor of lenity stemming from Bell. See United States v. Fleming, 504 F.2d 1045, 1054 (7th Cir. 1974). We, like the Seventh Circuit, no longer think McDonald controls because of its implicit overruling by subsequent case law.

B.   Prosecutorial Comments on Silence

In closing argument, the government suggested that Mr. Jackson should "man up" and "accept responsibility" for his actions. Mr. Jackson, who elected not to testify at trial, objected to the comments as violative of his constitutional right to remain silent and moved for a mistrial. The district court denied Mr. Jackson's motion and instead reminded the jury that the attorneys' arguments were not evidence.

We review a district court's decision to deny a mistrial for an abuse of discretion. United States v. Ivory, 532 F.3d 1095, 1099 (10th Cir. 2008). The self-incrimination clause of the Fifth Amendment is violated when the prosecution comments on an accused's silence. See Griffin v. California, 380 U.S. 609, 615 (1965); see also U.S. Constitution, Amend V. However, the statements during closing argument in this case were a response to Mr. Jackson's understandable attempt to suggest others might be at fault for the accident. Thus the remarks were directed toward Mr. Jackson's lack of responsibility and not toward his decision to remain silent and not testify. See United States v. Montgomery, 802 F.2d 1225, 1227 (10th Cir. 1986). Accordingly, the statements were not of the type that might influence a jury to decide a case based upon the failure of a defendant to testify. See id. at 1227. Moreover, any problem created by the statements was cured by the district court's limiting instruction. Id.

C.   Mens Rea

Mr. Jackson argues that the district court should have instructed the jury that he must have acted knowingly—rather than by mistake or accident—in committing the traffic accident resulting in the two deaths because (1) the lack of an express intent does not necessarily create strict liability; (2) § 2113(e) must be read in pari materia with the Federal Death Penalty Act, which requires an intentional killing; (3) if Congress had intended § 2113(e) to be a felony murder statute, it would have included the offense in § 18 U.S.C. 1111(a); (4) the severity

-7-

of punishment indicates the need for an intentional mens rea; and, in the alternative, (5) ambiguity should be decided in favor of lenity. We disagree.

We review issues of statutory interpretation in regard to mens rea de novo. See United States v. Hunt, 673 F.3d 1289, 1290 (10th Cir. 2012). Mr. Jackson correctly asserts that the omission of any scienter from a statute does not necessarily transform the statute into one of strict liability. United States v. U.S. Gypsum Co., 438 U.S. 422, 438 (1978); see also Morissette v. United States, 342 U.S. 246, 262-63 (1952). However, a mere omission of mens rea is not at issue here.

Section 2113(e) provides that whoever "kills any person" while avoiding apprehension for a bank robbery shall be punished by death or life imprisonment. The Sixth Circuit, in addressing this language, interpreted "kills"—rather than "intentionally kills" or "murders"—as reflecting the legislative intent to punish for any homicide related to a bank robbery regardless of whether the killing was intentional or not. United States v. Poindexter, 44 F.3d 406, 408-09 (6th Cir. 1995); cf. United States v. Parks (Parks I), 583 F.3d 923, 928-29 (6th Cir. 2009) (White, J. concurring; Cook, J. concurring in part and dissenting in part) (applying Poindexter to affirm defendant's conviction); see also United States v. Parks, 700 F.3d 775, 777 (6th Cir. 2012). Thus, the scienter requirement comes from "knowingly" committing the underlying bank robbery. See Parks I, 583 F.3d at 926 n. 4.

The Eighth Circuit adopted the Sixth Circuit's reasoning, agreeing that § 2113(e) operates the same as common law felony murder. United States v. Allen, 247 F.3d 741, 782-83 (8th Cir. 2001) judgment vacated on other grounds, Allen v. U.S., 536 U.S. 953 (2002). We see no principled reason not to reach a similar conclusion here.

Mr. Jackson makes several additional arguments to support his scienter claim, none of which is meritorious. First, relying on Parks I, 583 F.3d at 925-27, Mr. Jackson argues that § 2113(e) should be read in pari materia with the mens rea requirement in the Federal Death Penalty Act because § 2113(e) was amended by the enactment of 18 U.S.C. §§ 3591-3599. Aplt. Br. at 25-26. As noted in Parks I, the Federal Death Penalty Act amended § 2113(e)'s text to clarify that a death sentence may not be imposed for a "non-fatal forced accompaniment." But Mr. Jackson's reliance on Parks I is misplaced. Although the case addressed the mens rea requirements of § 2113(e), a majority of the panel concluded that "the plain meaning of 'kills'. . . includes no scienter element." Id. at 930 (Cook, J., concurring in part and dissenting in part); see id. at 924.[1] The opinion's

---

[1]The Parks panel split on both issues in the case, with a different majority on each. Mr. Jackson relies on Judge Merritt's opinion, which presented the court's holding on a separate sentencing issue and a dissenting opinion on the mens rea question. See 583 F.3d at 924 (explaining that he writes for the court as to the sentencing issue only). Judges Cook and White, each writing separately, concluded that § 2113(e) does not require a separate mens rea for the killing of a person during a bank robbery. See id. at 929-30 (Cook, J., concurring in affirmance of the conviction and holding that § 2113(e) requires no separate mens

suggestion that § 2113(e) should be read in pari materia with the Federal Death Penalty Act concerned a separate sentencing issue in that case. See 583 F.3d at 927. Parks I does not support Mr. Jackson's argument.

Second, Mr. Jackson argues that if Congress had intended § 2113(e) to be a felony murder statute, it would have included the offense in § 18 U.S.C. 1111(a). Aplt. Br. at 28. We disagree because the two statutes are harmonious, as § 1111(a) defines felony murder to include any killing committed in the perpetration of a robbery, and § 2113(e) includes any killing committed in perpetration of a bank robbery—which is simply a more specific type of robbery addressed by the provisions of § 2113.

Third, Mr. Jackson argues that imposing a life sentence for an accidental killing violates due process because he was found guilty of a crime without any finding of criminal intent. Aplt. Br. at 30. While Mr. Jackson is correct in that no person may be punished criminally "save upon proof of some specific illegal conduct," Schad v. Arizona, 501 U.S. 624, 633 (1991), his argument disregards the reckless disregard for human life inherent in his commission of the bank robbery—an intentional scienter that provides the culpability for felony murder, making it akin to first degree murder. See id. at 641-42, 644.

Finally, we disagree with Mr. Jackson that § 2113(e) is sufficiently

---

rea for the killing); id. at 928 (White, J., same).

ambiguous such that the rule of lenity applies. Lenity is appropriate only when congressional purpose is unclear. See Liparota v. United States, 471 U.S. 419, 427 (1985). We have already determined that the language of § 2113(e) establishes the intent to punish for any killing resulting from a bank robbery. Accordingly, we hold that the district court's decision not to instruct the jury on intent for the two deaths was proper under § 2113(e).

AFFIRMED IN PART and REMANDED. On remand, the district court should vacate the sentence and resentence Mr. Jackson consistent with our opinion.