IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR NO. 10-1374 MCA |
| | ) | |
| vs. | ) | |
| | ) | |
| **JEREMIAH JACKSON**, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO AUGMENT THE AMENDED JUDGMENT

The United States of America, by and through Acting United States Attorney Steven C. Yarbrough and Assistant United States Attorney Presiliano A. Torrez, hereby requests that the Court augment the Amended Judgment and Sentence in this case pursuant to the November 26, 2013 opinion and Mandate issued by the Tenth Circuit Court of Appeals (Doc. 169-1 and 169-2), as follows:

On November 26, 2013, the United States Court of Appeals for the Tenth Circuit issued its decision in *United States v. Jeremiah Jackson*, 12-2169, remanding the matter to the district court to vacate the sentence and resentence the Defendant consistent with the opinion of the Court.   Doc. 169-1 and 169-2.

The Tenth Circuit concluded that based on the interpretations in *Bell v. United States*, 349 U.S. 81 (1955) and *Ladner v. United States*, 358 U.S. 169, 171, 177-78 (1958), "any person" as used in 18 U.S.C. § 2113(e) could be interpreted either in the singular or plural, making it sufficiently ambiguous as to require lenity.   Consequently, the Court held that § 2113(e) is limited to only one unit of prosecution based on its ambiguity.   Doc. 169-1 at 4.   Therefore,

the Defendant's sentence for two violations of Section 2113(e) arising from one single car accident in the course of a single bank robbery violates double jeopardy and, upon remand, the district court must vacate the sentence on one of the convictions.

However, paragraph 35 of the Presentence Report (the "PSR") ordered restitution for combined total losses to both families of the victims named in counts two and three of the indictment in the amount of $21,081.56 to be paid to New Mexico Mutual ("NMM").   Docs 20 and 150 at 3.

Therefore, the United States respectfully requests that the Court augment the Amended Judgment to include a statement acknowledging the death of both victims as named in counts two and three of the indictment, based on the jury's finding beyond a reasonable doubt that the Defendant was guilty of two counts of killing a person while attempting to avoid apprehension for bank robbery, in violation of 18 U.S.C. § 2113(e).   Doc. 121.

Counsel for the Defendant, Stephen McCue, opposes this motion.

WHEREFORE, the United States respectfully requests that the Court resentence the Defendant in accordance with the November 26, 2013 opinion of the Tenth Circuit Court of Appeals, and that the Court augment the Amended Judgment to reflect that both victims as named in counts two and three of the indictment were killed as a result of the actions of the Defendant during the commission of the subject bank robbery for which he was convicted, and that the Court clarify in its Statement of Reasons the grounds for the dismissal of the count.

Respectfully submitted,

STEVEN C. YARBROUGH
Acting United States Attorney


*/s/ Electronically filed on 2/4/2014*
PRESILIANO A. TORREZ
Assistant United States Attorney
P. O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274 (telephone)
(505) 346-6887 (facsimile)

I hereby certify that on February 4, 3014, the
foregoing was filed electronically through the
CM/ECF system, which caused counsel for the
Defendant to be served by electronic means,
as more fully reflected on the Notice of Electronic
Filing.

*Electronically filed February 4, 2014*
PRESILIANO A. TORREZ
Assistant United States Attorney

3